EXHIBITS

DEREK A. RICHARDSON

PLAINTIFF, PRO SE.

V.

ET AL'S

United States Courts
Southern District of Texas
FILED

MAY 16 2022

Nathan Ochsner, Clerk of Court

1) I127 #2021119789

2) I-128 #2021119789

3) I-127 #2021067754 MISSING FROM PROPERTY

4) I-128 #2021067754 NEVER RETURNED REF: #2021101833/I-128

5) I-127 #2021016007 STATED REDUNDANT

6) I-127 #2021016007 RETURNED UNANSWERED

7) I-127 #2020170922

ADDITIONAL I-127/28 HAVE BEEN REMOVED FROM MY PROPERTY WITHOUT MY CONSENT OF ADVANCE KNOWLEDGE BY T.D.C.J. STAFF.

8) OCT.-6-2021 OIG COMPLAINT OF MISTREATMENT AND ABUSE BY THE T.D.C.J. STAFF AND T.D.C.J. INMATES, NOT INVESTIGATED

9) JUNE 5-2021 REQUESTED OBUDSMAN COMPLAINT INITIATED BY ATTORNEY R.N. VIRDEN ON MY BEHALF, INNAPROPRIATE MOLICIOUS CONDUCTE BY T.D.C.J. STAFF.

10) 1-18-2021 REQUESTED CHARGES, NOT FILED, FOR ASSAULT W/BODILY INJURY TO PLAINTIFF ON THE RICHARD P. LEBLANC UNIT-TO BE FILED.

I DEREK A. RIGHARDSON, PLAINTIFF DO ATTEST THE EXHIBITS AND DOCUMENTS FILED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND INFORMATION GIVEN CORRECT.

EXECUTED THIS 10th DAY OF MAY 2022

DEREK A. RICHARDSON
PLAINTIFF PRO-SE

(1)

FILED
MAY 16 2022

**Texas Department of Criminal Justice**

Nathan Ochsner, Clerk of Court

# STEP 1    OFFENDER GRIEVANCE FORM

| | OFFICE USE ONLY |
|---|---|
| Grievance #: | 2021119789 |
| Date Received: | 06/08/21 |
| Date Due: | 07/08/21 |
| Grievance Code: | 400 |
| Investigator ID #: | I2828 |
| Extension Date: | 08/07/2021 |
| Date Retd to Offender: | JUL 21 2021 |

Offender Name: Derek A. Richardson    TDCJ # 1938366

Unit: Joe Ney Unit    Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Guise c/o    When? 6-4-21

What was their response? That this matter would have to be grieved.

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

During the hearing for case number 2021018 7504. written on 5/21/21. my due process rights were violated due to the fact that I was not afforded the opportunity to present my witness. My witness under statuary penalty should have been allowed to come and present his own version of his eyewitness account but was not. Furthermore the hearing officer was leading the charging officer. The charging officer officer Brooks falcified his version of what transpired and I was not able to refute this as allocated in due process law.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For Case number 20210187504 to be overturned due to violations of due process and Case law misconduct.

**Offender Signature:** Quite Richardson                                      **Date:** 6-5-21

**Grievance Response:**

Disciplinary Case # 20210187504 has been reviewed. The disciplinary charges are appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Your appeal is denied.

Kevin Belt, Senior Warden, Joe Ney Unit

**Signature Authority:** Ki Belt                                      **Date:** 7-20-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

DEC 0 7 2021



H·34b

**Texas Department of Criminal Justice**

# STEP 2    OFFENDER
## GRIEVANCE FORM

BA

Offender Name: Richardson D.A.    Derek    TDCJ # 1938366

Unit: Joe Ney    Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

| OFFICE USE ONLY |
| --- |
| Grievance #: 2021119789 |
| UGI Recd Date: 7-26 |
| HQ Recd Date: JUL 29 2021 |
| Date Due: 8-25 |
| Grievance Code: 400 |
| Investigator ID#: 2846 |
| Extension Date: 9-24-2021 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The hearing officer clearly denied me the abilitie to present a witness. This is supported on a recording that is kept and required by law. For me to be denied or afforded the opportunity to present a witness in court is in fact a violation of my right to due process. I ask for further review of Case # 20210187504. i am forwarding this informat-ion to my attorney also.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

_____
_____
_____
_____

Offender Signature: _____   Date: 7-22-21

Grievance Response:

Disciplinary case #20210187504 has been reviewed.  There was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within the established guidelines, and the elements of the charge were met.  Therefore, there is no valid reason to warrant overturning this disciplinary case. No further action is warranted.

Signature Authority: _____ J. RILEY   Date: 11/2/2021

Returned because:   *Resubmit this form when corrections are made*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened   ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened   ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened   ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 202101833

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: I 2766

Extension Date: _____

Date Retd to Offender: _____

Offender Name: V Richardson   TDCJ # 1938366

Unit: Joe Ney   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Fardin   APR 2 7 2021   When? Sunday 4-26-21

What was their response? That I would need to grieve the issue

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have had an issue with Showers that has been ongoing since I arrived at Joe Ney's Unit. I've filed grievances for various reasons. I've had an "attorney contact the Obudsman on two occasions requesting justification for "forcing" me to shower in ad seg. Even though P.R.E.A. Act of 2003 only asks for T.D.C.J. to offer the "Opportunity" to Shower Separate. leaving the opportunity to be at my discrection. The Obudsman never responded. Unit warden Belt agreed in a prior grievance response that it was not a rule. However Mr Belt stated that I would be forced in his response. I am awaiting a Step 2 answer on that. My current grievance is that there are four T-gender inmates on this unit. I am being profiled because I am on hormone therapy and display the characteristic traits of a feminine Transgender. Because of that I and another are "forced" to Shower Separate. The other two are not and havnt been (inmate Jeremy Howard and Jerry Gherral) And they havnt been during this entire grievance with "forced" showers Joe Ney is aware of this because it is notated in the inmate shower log book. I was told that Huntsville ordered that T-gender inmates be forced to Shower Separate. But Joe Ney has chosen to violate my state and Constitutional rights to profile me and Segregate me. This is the beggining Step toward justification. I wish to shower at my own volition in general population Showers. This is

APR 2 7 2021

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

*discrimination and will be revealed as such* MAY 2 7 2021
APR

CC1

Action Requested to resolve your Complaint. *For me to be treated fairly and equally and afforded the opportunity to shower* where I chose MAY 2 7 2021
APR

Offender Signature: *D. Jackson*   Date: *4-26-21*

Grievance Response:

Signature Authority: _____   Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.*

☐ 1.  Grievable time period has expired.
☐ 2.  Submission in excess of 1 every 7 days. *
☐ 3.  Originals not submitted. *
☐ 4.  Inappropriate/Excessive attachments. *
☐ 5.  No documented attempt at informal resolution. *
☐ 6.  No requested relief is stated. *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance # *2021067754* @ Step 2
          *currently*
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: *B. Thacker /*

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: *Rachel Romine, PM*
                                              *RACHEL ROMINE, PM*

I-127 Back (Revised 11-2010)

*5-321*

Appendix F

| OFFICE USE ONLY *BT* | | |
|---|---|---|
| Initial Submission | UGI Initials: | |
| Grievance #: | *202110833* | |
| Screening Criteria Used: | *#09  #899* | |
| Date Rec'd from Offender: | ~~MAY 2 7 2021~~ APR | |
| Date Returned to Offender: | ~~MAY 2 7 2021~~ APR | |
| 2nd Submission | UGI Initials: | |
| Grievance #: | | |
| Screening Criteria Used: | | |
| Date Rec'd from Offender: | | |
| Date Returned to Offender: | | |
| 3rd Submission | UGI Initials: | |
| Grievance #: | | |
| Screening Criteria Used: | | |
| Date Rec'd from Offender: | | |
| Date Returned to Offender: | | |

# Texas Department of Criminal Justice

## STEP 1
### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2016007

Date Received: 10/07/2020

Date Due: _____

Grievance Code: 201

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Derek A. Richardson    TDCJ # 1938366

Unit: ~~Garda~~ Joe Ney    Housing Assignment: I-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Rosales    When? 10-1-20

What was their response? That I would need to use the grievance Process OCT 07 2020

What action was taken? None. OCT 07 2020

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Monday, September 28th Sgt Chong had me removed from my duties as a janitorial Custodian in medical. I had a good working record and performed well. I was removed because I am Transgender and Mr Chong said I would manipulate the system to get medical passes. All of my medical passes were from a previous unit. They were taken, changed and returned written by the same medical staff. The same staff member who was unqualified to write the first one was allowed to write the second as long as items were omitted. This is the first time I've ever worked medical. I was locked down on my previous unit for COVID. All passes were written at the medical Staff's own volition. There was no investigation, no one consulted my Transgen dr. Dr Dozier. I was simply removed from my duties based on assumption and discrimination. It is not Security's job to treat, diagnose, or amend medical orders. This directly violates the Eighth amendment. By taking my job on this basis Sgt Chong violated P.R.E.A and Constitutional Rights. Such violations can be considered a precursor to further retaliatorial acts. I was also told by mr. Chong that I was only using my transgender role to manipulate the system. I am Clinically diagnosed with gender dysphoria. I have been on Hormone therapy for years. I came to T.D.C.J and this unit this way. Under the equal protection of the law act the section pertaining to homosexual rights denies such descrimination 733 F. Supp. at 231-32 (citing Bowers v. Hardwick, 478 U.S. 186, 106 S. Ct. 2841 (1986)) Also se Texas, 539 U.S. 558; 577-78, 123 S. Ct. 2472 (2003) Also where a gay prisoner was fired from his job because of his sexual orientation. Doe v. Sparks, 733 F. Supp. 227, 231, 233-34 (W. D. Pa. 1990) the Bowers vs Hardwick ruling changed the law. in (2003 OCT 07 2020

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

OCT 0 7 2020

Action Requested to resolve your Complaint. *For any retaliation or harrassmen to me as transgender to stop.*

Offender Signature: _____ Date: 10 - 6 - 20

Grievance Response:

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: B. Thacker / AH.  UGI

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: BT |
| Grievance #: | 2021016007 |
| Screening Criteria Used: | #2   299 |
| Date Recd from Offender: | OCT 0 7 2020 |
| Date Returned to Offender: | OCT 0 7 2020 |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

HF

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
|---|
| Grievance #: 2020170927 |
| Date Received: 8-28-20 |
| Date Due: 10-7-20 |
| Grievance Code: 209 |
| Investigator ID #: I27WW |
| Extension Date: |
| Date Rec'd to Offender: SEP 2 5 2020 |

Offender Name: Derek Allen Richardson  TDCJ # 1938366

Unit: Cotulla   Housing Assignment: W-12-B

Unit where incident occurred: Cotulla   HF B-1-53

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Morales (Unit Major)   When? 8.26 10:01 am

What was their response? He recomended that I be classified in safe keeping against my will

What action was taken? a request was filed to Huntsville for Unit Transfer against my will

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have been recomended to safe keeping/Unit transfer against my will. I do not desire to be housed in any form of segregation. My safety is not, nor has been jeporoized in any kind of way. Im currently housed in administrative segregation pending safe keeping. I have been told I am too feminine. I've been told that my safety has been comprimized due to my gender. I am a "Transgender" inmate who is clinically diagnosed with "gender dysphoria". It is against Texas State Law and a violation of T.D.C.J. policy to restrict my housing based on my sexual orientation. Section 115.31 Employee training states that the agency shall train all employees who have contact with inmates on it zero tolerance policy yes in mate right to be free from any form of sexual harrasment. Section 42 U.S.C. 15606(e)(2)(M) Certifies that certain standards reference sexual harrasment in order to combat what may be a precursses to sexual abuse. This includes demeaning comments to gender on pg. 21-22. To be recommended or even housed in safe keeping or any form of restrictive housing based on gender or sexual orientation is discrimination against me in its purist form. This is wrong and highly inaporopriate. Especially in doing so against my will with no threat to my safety or well being. Security is "not convenient" If you try to pass an inmate on because it is inconvenient that too is inaporopriate. If this matter cannot be resolved through the appeals process I will file a formal lawsuit against T.D.C.J. for discrimination, violation of state law and or sexual harrasment.

---

**I-127 Front** (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

Action Requested to resolve your Complaint. *For Classification to deny transfer and Safe Keeping. For Classification to remain my Custody to Current Unit.*

Offender Signature: *Peter Richardson* _____ Date: *8-26-20*

Grievance Response:

Your claim has been investigated. Your recommendation for Safe Keeping was denied by State Classification and as of 9-10-20 you were transferred to the HF Unit. No further action is warranted from this office

J. Cirone, Asst. Warden

Signature Authority: _____ Date: *8/25/2*

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days.  *
☐ 3. Originals not submitted.  *
☐ 4. Inappropriate/Excessive attachments.  *
☐ 5. No documented attempt at informal resolution.  *
☐ 6. No requested relief is stated.  *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.  *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible.  *
☐ 11. Inappropriate.  *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2" align="center">OFFICE USE ONLY</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F

# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

H-34B

Offender Name: Richardson Neil A   TDCJ # 1453366
Unit: LeBlanc   Housing Assignment: H-34-B
Unit where incident occurred: LeBlanc Unit

OFFICE USE ONLY

Grievance #: 2022054869
Date Received: JAN 21 2022
Date Due: 3-2-22
Grievance Code: 000
Investigator ID #: 2619
Extension Date: _____
Date Retd to Offender: JAN 25 2022

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Warden A. Tompkins   When? 1-19-22
What was their response? That I would need to talk to OIG
What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Friday January the 14th I was assaulted by inmate: Henry Albert Barbou. I was sitting at my bunk when he begin hitting me. He then left the dorm and told me he believe he had hit me. Mr. Barbou came back in and he hit me some more. He knocked me down. This was witnessed by the others. There were several witness statements filed by PREA as well. I believe this to be a hate crime because I am a transgender. I want to press charges against Mr. Barbou with the Jefferson County Sheriffs Department. I wrote OIG officer Whatkins and I-60 I-127 and haint recieved a notice or been talked to. I want to press charges for Aggravated Assault. I wrote an I-60 on this 18th to the unit OIG Officer Rollins.

Action Requested to resolve your Complaint.

*I want to press charges against Henry Albert Barlow for assaulting me and causing bodily injury*

Offender Signature: _____  Date: *1-20-22*

Grievance Response:

An Inmate Protection Investigation was conducted on the date of the incident. You were then reviewed by the Unit Classification Committee and their decision was to grant a housing change. If you wish to contact the Office of the Inspector General you may do so in writing at O.I.G. Investigator- 3060 FM 3514, Beaumont, Texas 77705. No further action from this office is warranted.

*Warden R. Chambers*

Signature Authority: _____  Date: *1-25-22*

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: _____  *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission        UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission        UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission        UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

*to O.I.G. Beaumont TX.*

To Whom It may Concern                                          1-25-22

(  7021 0350 0000 0690 5211  )  Sent By certified Mail to:
O. I. G. Investigator @ 3060 FM. 3514, Beaumont, TX
77705

On Friday, January 14th I was assaulted By
offender Henry Albert Barlow III of the Richard P. LeBlanc
unit. I am Derek A. Richardson, T.O.C.J. inmate
number: 1938366. I too am housed on the Richard
P. LeBlanc Unit. I am a Transgender inmate who
is diagnosed with Gender Dysphoria.

After Several advances from offender Barlow
during the first two or three weeks he has
been placed in my dorm and Several attempts to
Ask him to leave me alone I enlisted the
help of another inmate. Mr. Barlow told me if
I didn't like it I Could go to the corner of the
dorm and fight him. I asked an associate of Mr. Barlow
to tell him that if he wouldn't leave me alone
I'd be forced to report him to the Unit P.R.E.A. officer.
because my informal resolutions wouldn't work

Mr. Barlow then approached me with the other
offender, housed in A. 22 bottom and Said "Now
tell me what you told him." As I did Mr.
Barlow began hitting me in the head and face
as I Sat on my bunk. Mr. Barlow Knocked me to
the floor in the process. I put my head down,
Blocking my face as he continued hitting me.
I tried to get up but Mr. Barlow wouldn't

allow me. Eventually after I was able to get up I tried to go to the dayroom area so I could obtain the attention of the Staff officers. Mr. Barlow tried blocking me and telling me to go to the corner so he could further assault me out of view of officers. I was able to get past Mr. Barlow and enter the dayroom. However Mr. Barlow charged ahead and exited the dorm because the door was not properly secured. He began telling officers he assaulted me and claimed justification due to the fact that according to him I grabbed him in an inapropriate manner. Mr. Barlow was not detained. He then ran back into the dorm and hit me again knocking me over. I fell down and covered my face again as Mr. Barlow was on top of me hitting me several more times. Eventually officers arrived and seperated us. I believe Mr. Barlow has a propensity to be violent and that he is dangerous. He was in another altercation where he caused bodily harm a week prior w/o getting caught. I want to press charges for Aggravated Assault w/ Bodily Injury. Furthermore I would like this to be treated with serious consideration as a hate crime against a Transgender. Because Mr. Barlow didn't get his way he felt it apropriate to assault and injure an innocent victim. A P.R.E.A. investigation conducted found his claims against me to be false. Thank you for your time and consideration regarding this matter.

Sincerely Yours,

**Robert N. Virden**

**To:** Ombudsman
**Subject:** Derek A. Richardson #01938366

Ombudsman,

On 22 January 2022, I received a letter postmarked 19 January 2022 from inmate Richardson. His letter said:

"I have recently been transferred to the LeBlanc Unit... Joe Ney Unit shipped me and every transgender person of the unit after being inspected by ACLU and many complaints of indifference to the abuse of transpeople on various levels. (T)hey decided the unit was not suitable to house transgenders.

(O)n Friday, January 15th, I was assaulted by inmate (Henry Albert Barlow III)...

For some reason LeBlanc Unit (hasn't) filed charges.

After advances from (inmate) Barlow on various levels I told him I was uninterested and to leave me alone. He was housed in the bunk next to mine and I avoided him at all cost. Mr. Barlow continued trying to make small talk. I again thwarted his attempts by saying leave me alone. At that point he threatened me and stated he would fight me. A fellow inmate defused the situation...

Finally, Mr. Barlow made another advance on Friday, January 15th at around 11:30 a.m. I told him to leave me alone or I would report him to the PREA officer. At that point he assaulted me and began hitting me in the face and head as I sat on my bunk. I fell on the floor and tried to (shield) my face. Another inmate got him off of me. I went into the day area and tried to notify officers. Before I could get to the picket door Mr. Barlow charged the door and went first to the picket. He (told) the officer he had hit me because I (had) grabbed his crotch. He was not restrained at that time. Instead he ran into the dorm again and began punching me and knocking me to the ground. Finally the (officers) came and removed him. A formal investigation concluded that Mr. Barlow had fabricated his excuse for assaulting me...

(Too) many transpeople and elderly are being assaulted by violent offenders who have no respect or regard for others..."

I would appreciate your investigating this matter.

PS I am assisting this inmate on a pro bono publico basis. I have not agreed to represent him in any court (or other) proceeding. I am not a litigation attorney; I neither file lawsuits nor defend lawsuits.

**Robert N. Virden**
**Robert N. Virden, P.C.**
**3419 Westminster Avenue**
**Dallas, Texas 75205-1387**
**Office  214/373-7161**
**Mobile 214/537-2228**
**Facsimile  214/373-7161**

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*



# Texas Department of Criminal Justice
## OFFICE OF THE INSPECTOR GENERAL
### P.O. Box 4003, Huntsville, Texas 77342

To: **Warden Gonzales**                    Date:    **October 6, 2020**

Unit/Department:   **Ney Unit**           Correspondence/Complainant #:    **2000011998**

Subject:          **Richardson, Derek**   TDCJ #:   **1938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff.
Based on the information provided, the relevant issues stated will be addressed in the following manner:

☐ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the
Offender Grievance procedure.

☑ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the  Unit
Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is
considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____; and will be forwarded there.
Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE: Prison related issues should be directed to the appropriate TDCJ department.   Sending your
concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:  Offender Richardson #1938366

DR/772

# Robert N. Virden

**To:** Ombudsman
**Subject:** A. Richardson #01938366

Ombudsman:

I received a letter dated 05 June 2021 from inmate Richardson.

His letter said:

"I've written you several times regarding the 'forcing' of showering separate(ly).

I am waiting on my Step 2 grievance.

The ... warden admitted in my Step 1 that T.D.C.J. was 'forcing' me to shower separate(ly)... even though there was no rule or mandate in place.

He admitted that there was no rule...

**\*\*\***
(The unit administration) claims there is a need (to make me shower alone) for my safety.

PREA stipulates that T.D.C.J. shall offer the 'opportunity' to shower separate(ly). This is discretionary.

I've had to walk ... to the ... only shower that they deem separate in the rain, even snow. I've been humiliated.

They claim they can simply change the policy to suite this 'forcing.'

... I'm tired of the humiliation and degradation.

The showers in my dorm are used ... by inmates..."

I would appreciate your investigating this matter.

Robert N. Virden
Robert N. Virden, P.C.
3419 Westminster Avenue
Dallas, Texas 75205-1387
Office  214/373-7161
Mobile 214/537-2228
Facsimile  214/373-7161

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*



# Texas Department of Criminal Justice
## OFFICE OF THE INSPECTOR GENERAL
### P.O. Box 4003, Huntsville, Texas 77342

To: **RICHARDSON, DEREK**                          Date:   **January 24, 2022**

Unit/Department:   **Prison Facility - Leblanc (Beaumont)**        Correspondence/Complainant #:        **2200001061**

Subject:                    **RICHARDSON, DEREK**             TDCJ #:   **01938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff.
Based on the information provided, the relevant issues stated will be addressed in the following manner:

☑ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the
Offender Grievance procedure.

☐ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the  Unit
Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is
considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ ; and will be forwarded there.
Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE: Prison related issues should be directed to the appropriate TDCJ department.   Sending your
concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:
The District Attorney does not routinely prosecute misdemeanor offenses that occur between incarcerated
individuals.

AAG/755

Texas Department of Criminal Justice
**Correctional Institutions Division**

## Inter-Office Communications

| | | | |
|---|---|---|---|
| **To** | OFFENDER | **Date** | 3-8-22 |
| **From** | UNIT MAILROOM | **Subject** | OPENED IN ERROR |

On _3/8/22_, correspondence for / from

offender _Derek Q. Richardson_ TDCJ# _1938306_ was placed with

general correspondence and mistakenly opened. This piece of correspondence

was from / to:

Clerk
U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, Tx 77208

By copy of the IOC, the mailroom is notifying the offender that the above

referenced correspondence was opened out of his presence.

_M Cervantez_      _3/14/22_
Mailroom Supervisor / Clerk      Offender Signature

cc: Offender

NOTE: GRIEVANCES I 127- I 128 FILED 3/2022 NOT RETURNED
THIS INDICATES ONLY ONE INCIDENT—
FED. COURT MAIL DATE 3/1/22 WAS INCLUDED AND OPEN
SHOWING DELIBERATE PATTERN AND VIOLATION.

## Robert N. Virden

**To:** Ombudsman
**Subject:** Derek A. Richardson #01938366

Ombudsman,

On 22 January 2022, I received a letter postmarked 19 January 2022 from inmate Richardson. His letter said:

"I have recently been transferred to the LeBlanc Unit... Joe Ney Unit shipped me and every transgender person of the unit after being inspected by ACLU and many complaints of indifference to the abuse of transpeople on various levels. (T)hey decided the unit was not suitable to house transgenders.

(O)n Friday, January 15th, I was assaulted by inmate (Henry Albert Barlow III)...

For some reason LeBlanc Unit (hasn't) filed charges.

After advances from (inmate) Barlow on various levels I told him I was uninterested and to leave me alone. He was housed in the bunk next to mine and I avoided him at all cost. Mr. Barlow continued trying to make small talk. I again thwarted his attempts by saying leave me alone. At that point he threatened me and stated he would fight me. A fellow inmate defused the situation...

Finally, Mr. Barlow made another advance on Friday, January 15th at around 11:30 a.m. I told him to leave me alone or I would report him to the PREA officer. At that point he assaulted me and began hitting me in the face and head as I sat on my bunk. I fell on the floor and tried to (shield) my face. Another inmate got him off of me. I went into the day area and tried to notify officers. Before I could get to the picket door Mr. Barlow charged the door and went first to the picket. He (told) the officer he had hit me because I (had) grabbed his crotch. He was not restrained at that time. Instead he ran into the dorm again and began punching me and knocking me to the ground. Finally the (officers) came and removed him. A formal investigation concluded that Mr. Barlow had fabricated his excuse for assaulting me...

(Too) many transpeople and elderly are being assaulted by violent offenders who have no respect or regard for others..."

I would appreciate your investigating this matter.

PS I am assisting this inmate on a pro bono publico basis. I have not agreed to represent him in any court (or other) proceeding. I am not a litigation attorney; I neither file lawsuits nor defend lawsuits.

**Robert N. Virden**
**Robert N. Virden, P.C.**
**3419 Westminster Avenue**
**Dallas, Texas 75205-1387**
**Office  214/373-7161**
**Mobile 214/537-2228**
**Facsimile  214/373-7161**

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*



**Texas Department of Criminal Justice**
# OFFICE OF THE INSPECTOR GENERAL
**P.O. Box 4003, Huntsville, Texas 77342**

| | | | |
|---|---|---|---|
| To: Warden Gonzales | | Date: | October 6, 2020 |
| Unit/Department: Ney Unit | | Correspondence/Complainant #: | 2000011998 |
| Subject: Richardson, Derek | | TDCJ #: | 1938366 |

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff. Based on the information provided, the relevant issues stated will be addressed in the following manner:

☐ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the Offender Grievance procedure.

☑ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the Unit Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____; and will be forwarded there. Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE:** Prison related issues should be directed to the appropriate TDCJ department.   Sending your concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:  Offender Richardson #1938366

DR/772

3

## Robert N. Virden

**To:** Ombudsman
**Subject:** ~~A. Richardson #01938366

Ombudsman:

I received a letter dated 05 June 2021 from inmate Richardson.

His letter said:

"I've written you several times regarding the 'forcing' of showering separate(ly).

I am waiting on my Step 2 grievance.

The ... warden admitted in my Step 1 that T.D.C.J. was 'forcing' me to shower separate(ly) ... even though there was no rule or mandate in place.

He admitted that there was no rule...

***
(The unit administration) claims there is a need (to make me shower alone) for my safety.

PREA stipulates that T.D.C.J. shall offer the 'opportunity' to shower separate(ly). This is discretionary.

I've had to walk ... to the ... only shower that they deem separate in the rain, even snow. I've been humiliated.

They claim they can simply change the policy to suite this 'forcing.'

... I'm tired of the humiliation and degradation.

The showers in my dorm are used ... by inmates..."

I would appreciate your investigating this matter.

Robert N. Virden
Robert N. Virden, P.C.
3419 Westminster Avenue
Dallas, Texas 75205-1387
Office  214/373-7161
Mobile 214/537-2228
Facsimile  214/373-7161

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*



**Texas Department of Criminal Justice**
# OFFICE OF THE INSPECTOR GENERAL
**P.O. Box 4003, Huntsville, Texas 77342**

To: **RICHARDSON, DEREK**                    Date: **January 24, 2022**

Unit/Department: **Prison Facility - Leblanc (Beaumont)**       Correspondence/Complainant #:        **2200001061**

Subject:             **RICHARDSON, DEREK**           TDCJ #:   **01938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff.
Based on the information provided, the relevant issues stated will be addressed in the following manner:

☑ An OIG investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the
Offender Grievance procedure.

☐ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the Unit
Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is
considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ ; and will be forwarded there.
Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE:** Prison related issues should be directed to the appropriate TDCJ department.   Sending your
concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:
The District Attorney does not routinely prosecute misdemeanor offenses that occur between incarcerated
individuals.

AAG/755

Texas Department of Criminal Justice
**Correctional Institutions Division**

## Inter-Office Communications

**To**   OFFENDER                          **Date**   3-8-22

**From**   UNIT MAILROOM                   **Subject**   OPENED IN ERROR

On _____3/8/22_____, correspondence for / from

offender _Derek Q. Richardson_ TDCJ# _1938366_ was placed with

general correspondence and mistakenly opened. This piece of correspondence

was from / to:

> Clerk
> U.S. District Court
> Southern District of Texas
> P.O. Box 61010
> Houston, TX 77208

By copy of the IOC, the mailroom is notifying the offender that the above

referenced correspondence was opened out of his presence.

_M Cervantez_                          _____ 3/14/22
Mailroom Supervisor / Clerk                    Offender Signature

cc: Offender

NOTE: GRIEVANCES I-127- I-128 FILED 3/2022 NOT RETURNED
THIS INDICATES ONLY ONE INCIDENT—
FED. COURT MAIL DATE 3/1/22 WAS INCLUDED AND OPEN
SHOWING DELIBERATE PATTERN AND VIOLATION.

allow me. Eventually after I was able to get up I tried to go to the dayroom area so I could obtain the attention of the staff officers. Mr Barlow tried blocking me and telling me to go to the corner so he could further assault me out of view of officers. I was able to get past Mr. Barlow and enter the dayroom, However Mr. Barlow charged ahead and exited the dorm because the door was not properly secured. He began telling officers he assaulted me and claimed justification due to the fact that according to him I grabbed him in an inapropriate manner. Mr Barlow was not detained. He then ran back into the dorm and hit me again knocking me over. I fell down and covered my face again as Mr Barlow was on top of me hitting me several more times. Eventually officers arrived and seperated us. I believe Mr Barlow has a propensity to be violent and that he is dangerous. He was in another altercation where he caused bodily harm a week prior w/o getting caught. I want to press charges for Aggravated Assault w/ Bodily Injury. Furthermore I would like this to be treated with serious consideration as a hate crime against a Transgender. Because Mr Barlow didnt get his way he felt it apropriate to assault and injure an innocent victim. A P.R.E.A. investigation conducted found his claims against me to be false. Thank you for your time and consideration regarding this matter.

Sincerely Yours,

To Whom It May Concern                    1-25-22

(    7021 0350 0000 0690 5211    ) Sent By certified Mail to:

O.I.G. Investigator @ 3060 FM. 3514, Beaumont, TX.
77705

On Friday, January 14th I was assaulted By
offender Henry Albert Barlow) III of the Richard P. LeBlanc
Unit. I am Derek A. Richardson, T.D.C.J. inmate
number: 1938366. I too am housed on the Richard
P. LeBlanc Unit. I am a Transgender inmate who
is diagnosed with Gender Dysphoria.

After Several advances from offender Barlow
during the first two or three weeks he has
been placed in my dorm and Several attempts to
Ask him to leave me alone I enlisted the
help of another inmate. Mr Barlow told me if
I didn't like it I could go to the corner of the
dorm and Fight him. I asked an associate of Mr. Barlow
to tell him that if he wouldn't leave me alone
I'd be forced to report him to the Unit P.R.E.A. officer.
because my informal resolutions wouldn't work.

Mr. Barlow then approached me with the other
Offender, housed in H-22 bottom and Said "Now
tell me what you told him." As I did Mr.
Barlow began hitting me in the head and face
as I Sat on my bunk. Mr. Barlow knocked me to
the floor in the process. I put my head down,
Blocking my face as he continued hitting me.
I tried to get up but Mr Barlow wouldn't

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2021119789

Date Received: 06/08/21

Date Due: 07/08/21

Grievance Code: 400

Investigator ID #: I 2828

Extension Date: 08/07/2021
JUL 21 202

Date Retd to Offender:

Offender Name: Derek A. Richardson   TDCJ # 1938366

Unit: Joe Ney Unit   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Guise C/o   When? 6-4-21

What was their response? That this matter would have to be grieved.

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

During the hearing for case number 20210187504 written on 5/21/21. my due process rights were violated due to the fact that I was not afforded the opportunity to present my witness. My witness under statuary penalty should have been allowed to come and present his own version of his eyewitness account but was not. Furthermore the hearing officer was leading the charging officer. The charging officer officer Brooks falsified his version of what transpired and I was not able to refute this as allocated in due process law.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

Action Requested to resolve your Complaint. For Case number 20210187504 to be overturned due to violations of due process and Case law misconduct.

Offender Signature: _Dixie Richardson_                    Date: 6-5-21

**Grievance Response:**

Disciplinary Case # 20210187504 has been reviewed. The disciplinary charges are appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Your appeal is denied.

Kevin Belt, Senior Warden, Joe Ney Unit

Signature Authority: _K. Belt_                    Date: 7-20-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:          *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority: _____

**OFFICE USE ONLY**

Initial Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

DEC 0 7 2021

H.34b

## Texas Department of Criminal Justice

# STEP 2     OFFENDER GRIEVANCE FORM

BA

Derek

Offender Name: Richardson D.A.    TDCJ # 1938366

Unit: Joe Ney    Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021119789 |
| UGI Recd Date: | 7-26 |
| HQ Recd Date: | JUL 29 2021 |
| Date Due: | 8-25 |
| Grievance Code: | 400 |
| Investigator ID#: | 2846 |
| Extension Date: | 9-24-2021 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The hearing officer clearly denied me the abilitie to present a witness. This is Supported on a recording that is kept and required by law. For me to be denied or afforded the opportunity to present a witness in Court is in fact a violation of my right to due process. I ask for further review of Case # 20210187504. I am forwarding this informat-ion to my attorney also.

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

_____
_____
_____
_____

Offender Signature: _____   Date: 7-22-21

Grievance Response:

Disciplinary case #20210187504 has been reviewed.  There was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within the established guidelines, and the elements of the charge were met.  Therefore, there is no valid reason to warrant overturning this disciplinary case. No further action is warranted.

Signature Authority: _____ J. RILEY   Date: 11/2/2021

Returned because:   *Resubmit this form when corrections are made

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)                                    Appendix G

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 202101833

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: I2766

Extension Date: _____

Date Retd to Offender: _____

Offender Name: W Richardson        TDCJ # 1938366

Unit: Joe Ney        Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Hardin        APR 2 7 2021        When? Sunday 4-26-21

What was their response? That I would need to grieve the issue

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have had an issue with Showers that has been ongoing since I arrived at Joe Ney's Unit. I've filed grievances for various reasons. I've had an "attorney Contact The Obudsman on two occasions requesting justification for "forcing" me to shower in ad Seg. Even though P.R.E.A. act of 2003 only asks for T.D.C.J. to offer the "Oppurtunity" to Shower Seperate. leaving the oppurtunity to be at my discriction. The Obudsman Never responded. Unit warden Belt agreed in a prior grievance response that it was not a rule. However Mr Belt Stated that I would be forced in his response. I am awaiting a Step 2 answer on that. My Current grievance is that there are four T-gender inmates on this unit. I am being profiled because I am on hormone therapy and display the Characteristic traits of a feminine Transgender. Because of that I and another are "forced" to Shower Seperate. The other two are not and havn't been (inmate Jeremy Howard and Jerry Guerra) And They havn't been during this entire grievance with "Forced" Showers Joe Ney is aware of this because it is notated in the inmate Shower log book. I was told that Huntsville ordered that T-gender inmates be forced to Shower Seperate. But Joe Ney has chosen to violate my State and Constitutional rights to profile me and segregate me. This is the beggining Step toward justification. I wish to Shower at my own volition in general population Showers. This is

APR 2 7 2021

I-127 Front (Revised 11-2010)        YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

Appendix F

*discrimination and will be revealed as such* MAY 2 7 2021
APR

CC1

Action Requested to resolve your Complaint. *For me to be treated fairly and equally and afforded the opportunity to shower where I chose* MAY 2 7 2021
APR

Offender Signature: *C. Charlson*                    Date: *4-26-21*

Grievance Response:

Signature Authority: _____    Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.

Returned because:      *Resubmit this form when the corrections are made.*

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [x] 9. Redundant, Refer to grievance # *Z021067754 @ Step 2 currently*
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: *B. Thacker / [signature]*

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: *Rachel Romine, PM*
*RACHEL ROMINE, PM*

5-33-1

Appendix F

**OFFICE USE ONLY** *BT*

Initial Submission          UGI Initials: _____
Grievance #: _Z02110/833_
Screening Criteria Used: #09  #899
Date Recd from Offender: APR MAY 2 7 2021
Date Returned to Offender: APR MAY 2 7 2021

2nd Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: ___2010007___

Date Received: _10/07/2020_

Date Due: _____

Grievance Code: __201__

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: _Derek A. Richardson_   TDCJ # _1938366_

Unit: _~~Connally~~ Joe Ney_   Housing Assignment: _I-53_

Unit where incident occurred: _Joe Ney_

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Officer Rosales_   When? _10-1-20_

What was their response? _That I would need to use the grievance process_

What action was taken? _None._

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Monday, September 28th Sgt Chong had me removed from my duties as a Janitorial Custodian in medical. I had a good working record and performed well. I was removed because I am Transgender and Mr Chong said I would manipulate the System to get medical passes. All of my medical passes were from a previous unit. They were taken, changed and returned written by the same medical staff. The same staff member who was unqualified to write the first one was allowed to write the second as long as items were omitted. This is the first time I've ever worked medical. I was locked down on my previous unit for COVID. All passes were written at the medical Staff's own volition. There was no investigation, no one consulted my Transgei dr. Dr Dozier. I was simply removed from my duties based on assumption and discrimination. It is not Security's job to treat, diagnose, or ammend medical orders. This directly violates the Eighth ammendment. By taking my job on this basis Sgt Chong violated PREA and Constitutional Rights. Such violations can be considered a precursor to further retaliatorial acts. I was also told by Mr. Chong that I was only using my transgender role to manipulate the System. I am Clinically diagnosed with gender dysphoria. I have been on Hormone therapy for years. I came to T.D.C.J. and this unit this way. Under the equal protection of the law act the section pertaining to homosexual rights denies such descrimination 733 F. Supp. at 231-32 (citing Powers v. Hardwick, 478 U.S. 126, 106 S. Ct. 2841 (1986)) Also see Texas, 539 U.S. 558, 577-78, 123 S. Ct. 2472 (2003) Also where a gay prisoner was fired from his job because of his sexual orientation. Doe v. Sparks, 733 F. Supp. 227, 231, 233-34 (W.D. Pa. 1990) the Bowers vs Hardwick ruling changed the law in (2003)

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

OCT 0 7 2020

Action Requested to resolve your Complaint. *For any retaliation or harrassmen to me as transgender to stop.*

Offender Signature: _____      Date: 10 - 6 - 20

Grievance Response:

Signature Authority: _____      Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☑ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _B. Thacker_ /s/ AH. UGI

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission      UGI Initials: BT | |
| Grievance #: 2021016007 | |
| Screening Criteria Used: #2   299 | |
| Date Recd from Offender: OCT 0 7 2020 | |
| Date Returned to Offender: OCT 0 7 2020 | |
| 2nd Submission      UGI Initials: _____ | |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission      UGI Initials: _____ | |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

HF

# Texas Department of Criminal Justice

## STEP 1

## OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2020170927

Date Received: 8-28-20

Date Due: 10-7-20

Grievance Code: 209

Investigator ID #: I2766

Extension Date: _____

Date Retd to Offender: SEP 2 5 2020

Offender Name: Derek  Allen  Richardson  TDCJ # 1938366

Unit: Cotulla    Housing Assignment: W-12-B

Unit where incident occurred: Cotulla    HF B-1-53

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Morales (Unit Major)    When? 8-26 10:01am

What was their response? He recomended that I be classified in safe keeping against my will

What action was taken? a request was filed to Huntsville for Unit Transfer against my wi

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have been recomended to safe keeping/Unit transfer against my will. I do not desire to be housed in any form of segregation. My safety is not, nor has been jepordized in any kind of way. Im currently housed in administrative segregation pending safe keeping. I have been told I am too feminine. I've been told that my safety has been comprimized due to my gender. I am a "Transgender" inmate who is clinically diagnosed with "gender dysphoria". It is against Texas State Law and a violation of T.D.C.J. policy to restrict my housing based on my sexual orientation. Section 115.31 Employee Training  States that the agency shall train all employees who have contact with inmates on it zero tolerance policy his in mate right to be free from any form of sexual harrassment. Section 42 U.S.C. 15606(e)(2)(H) Certifies that certain standards reference sexual harrassment in order to Combat what may be a precursers to sexual abuse. This includes demeaning Comments to gender on pg. 21-22.  To be recommended or even housed in safe keeping or any form of restrictive housing based on gender or sexual orientation is discrimination against me in its purist form. This is wrong and highly inapropriate. Especially in doing so against my will with no threat to my safety or well being. Security is "not convenient" If you try to pass an inmate on because it is inconvenient that too is inapropriate. If this matter cannot be resolved through the appeals process I will file a formal lawsuit against T.D.C.J. for Discrimination, violation of State Law and or sexual harrassment.

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

Action Requested to resolve your Complaint. *For Classification to deny transfer and Safe Keeping.*
*For Classification to remain my Custody to Current Unit.*

Offender Signature: _Diete Richardson_      Date: _8-26-20_

Grievance Response:

Your claim has been investigated. Your recommendation for Safe Keeping was denied by State Classification and as of 9-10-20 you were transferred to the HF Unit. No further action is warranted from this office

J. Cirone, Asst. Warden

Signature Authority: _____ Date: _d J 2J 2c_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days.  *
☐ 3. Originals not submitted.  *
☐ 4. Inappropriate/Excessive attachments.  *
☐ 5. No documented attempt at informal resolution.  *
☐ 6. No requested relief is stated.  *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.  *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible.  *
☐ 11. Inappropriate.  *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

# Texas Department of Criminal Justice

## STEP 1     OFFENDER GRIEVANCE FORM

H·34B

**OFFICE USE ONLY**

Grievance #: _2022054869_

Date Received: _JAN 21 2022_

Date Due: _3-2-22_

Grievance Code: _000_

Investigator ID #: _2619_

Extension Date: _____

Date Retd to Offender: _JAN 25 2022_

Offender Name: _Richardson Derik A_  TDCJ # _1438366_

Unit: _LeBlanc_  Housing Assignment: _H·34·B_

Unit where incident occurred: _LeBlanc Unit_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Warden A. Tompkins_  When? _1-19-22_

What was their response? _That I would need to talk to OIG_

What action was taken? _None_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

_On Friday January the 14th I was assaulted by Inmate: Henry Albert (Barton). I was sitting at my bunk when he began hitting me. He then left the dorm and told me he was hit me. Mr Barton came back in and CF hit me some more. He knocked me down. This was witnessed by the others. There were several witness Statements taken by MPREA. as well I believe this to be a hate crime because I am a Transgender. I want to press charges against Mr Barton with the Jefferson County Sheriffs Department. I wrote OIG officer Wkallins and I-60 they and haint recieved Notice or been talked to. I want to press charges for Aggravated Assault. I wrote an I-60 on the 18th to turn into the unit OIG Officer Kallins._

---

**I-127 Front** (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix F

Action Requested to resolve your Complaint.

I want to press charges against Henry Albert Barbee for assaulting me and causing bodily injury

Offender Signature: _____   Date: 1-20-22

Grievance Response:

An Inmate Protection Investigation was conducted on the date of the incident. You were then reviewed by the Unit Classification Committee and their decision was to grant a housing change. If you wish to contact the Office of the Inspector General you may do so in writing at O.I.G. Investigator- 3060 FM 3514, Beaumont, Texas 77705. No further action from this office is warranted.

*Warden R. Chambers*

Signature Authority: _____   Date: 1-25-22

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.

☐ 2.  Submission in excess of 1 every 7 days. *

☐ 3.  Originals not submitted. *

☐ 4.  Inappropriate/Excessive attachments. *

☐ 5.  No documented attempt at informal resolution. *

☐ 6.  No requested relief is stated. *

☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8.  The issue presented is not grievable.

☐ 9.  Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used:_____ | |
| Date Recd from Offender:_____ | |
| Date Returned to Offender:_____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used:_____ | |
| Date Recd from Offender:_____ | |
| Date Returned to Offender:_____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used:_____ | |
| Date Recd from Offender:_____ | |
| Date Returned to Offender:_____ | |

Appendix F

EXHIBITS

DEREK A. RICHARDSON

PLAINTIFF, PRO SE.

V.

ET'AL'S

1) I127 #2021119789

2) I-128 #2021119789

3) I-127 #2021067754 MISSING FROM PROPERTY

4) I-128 #2021067754 NEVER RETURNED REF: #2021101833/I-128

5) I-127 #2021016007 STATEDEREDUNDANTE

6) I-127 #2021016007 RETURNED UNANSWERED

7) I-127 #2020170922

ADDITIONAL I-127/28 HAVE BEEN REMOVED FROM MY PROPERTY WITHOUT MY CONSENT OF ADVANCE KNOWLEDGE BY T.D.C.J. STAFF.

8) OCT.-6-2021 OIG COMPLAINT OF MISTREATMENT AND ABUSE BY THE T.D.C.J. STAFF AND T.D.C.J. INMATES, NOT INVESTIGATED

9) JUNE 5-2021 REQUESTED OBUDSMAN COMPLAINT INITIATED BY ATTORNEY R.N. VIRDEN ON MY BEHALF, INNAPROPRIATE MOLICIOUS CONDUCT-BY T.D.C.J. STAFF.

10) 1-18-2021 REQUESTED CHARGES,NOT FILED, FOR ASSAULT W/BODILY INJURY TO PLAINTIFF ON THE RICHARD P. LEBLANC UNIT-TO BE FILED.

I DEREK A. RIGHARDSON, PLAINTIFF DO ATTEST THE EXHIBITS AND DOCU-MENTS FILED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLE-DGE AND INFORMATION GIVEN CORRECT.

EXECUTED THIS _10th_ DAY OF _MAY_ _2022_

DEREK A. RICHARDSON
PLAINTIFF PRO-SE

(1)

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2021119789

Date Received: 06/08/21

Date Due: 07/08/21

Grievance Code: 400

Investigator ID #: I 2828

Extension Date: 08/07/2021

Date Retd to Offender: JUL 21 202

Offender Name: Derek A. Richardson   TDCJ # 1938366

Unit: Joe Ney Unit   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Guise C/o   When? 6-4-21

What was their response? That this matter would have to be grieved.

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

During the hearing for case number 20210187504. written on 5/21/21. my due process rights were violated due to the fact that I was not afforded the opportunity to present my witness. My witness under statuary penalty should have been allowed to come and present his own version of his eyewitness account but was not. Furthermore the hearing officer was leading the charging officer. The charging officer officer Brooks falsified his version of what transpired and I was not able to refute this as allocated in due process law.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For Case number 20210187504 to be overturned due to violations of due process and Case law misconduct.

**Offender Signature:** Quint Richardson   **Date:** 6-5-21

**Grievance Response:**

Disciplinary Case # 20210187504 has been reviewed. The disciplinary charges are appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Your appeal is denied.

Kevin Belt, Senior Warden, Joe Ney Unit

**Signature Authority:** _Ki Belt_   **Date:** 7-20-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days.  *
☐ 3. Originals not submitted.  *
☐ 4. Inappropriate/Excessive attachments.  *
☐ 5. No documented attempt at informal resolution.  *
☐ 6. No requested relief is stated.  *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.  *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible.  *
☐ 11. Inappropriate.  *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission     UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission        UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission        UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

DEC 0 7 2021



H-34b

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

BA

Offender Name: Richardson D.A. Derek   TDCJ # 1938366

Unit: Joe Ney   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021119789 |
| UGI Recd Date: | 7-26 |
| HQ Recd Date: | JUL 29 2021 |
| Date Due: | 8-25 |
| Grievance Code: | 6/00 |
| Investigator ID#: | 28416 |
| Extension Date: | 9-24-2021 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

The hearing officer clearly denied me the ability to present a witness. This is supported on a recording that is kept and required by law. For me to be denied or afforded the opportunity to present a witness in court is in fact a violation of my right to due process. I ask for further review of Case # 20210187504. I am forwarding this information to my attorney also.

**I-128 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

_____

_____

_____

_____

Offender Signature: _____   Date: 7-22-21

**Grievance Response:**

Disciplinary case #20210187504 has been reviewed.  There was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within the established guidelines, and the elements of the charge were met.  Therefore, there is no valid reason to warrant overturning this disciplinary case. No further action is warranted.

Signature Authority: _____ J. RILEY   Date: 11/2/2021

Returned because:     *Resubmit this form when corrections are made*

- ☐ 1. **Grievable time period has expired.**
- ☐ 2. **Illegible/Incomprehensible.***
- ☐ 3. **Originals not submitted. ***
- ☐ 4. **Inappropriate/Excessive attachments.***
- ☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ 6. **Inappropriate.***

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)                                           Appendix G

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 202101833

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: I 2766

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Richardson          TDCJ # 1938366

Unit: Joe Ney          Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Landers  APR 27 2021          When? Sunday 4-26-21

What was their response? That I would need to grieve the issue

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have had an issue with Showers that has been ongoing since I arrived at Joe Ney's Unit. I've filed grievances for vario reasons. I've had an attorney contact the Ombudsman on two occasions requesting justification for "forcing" me to Shower in ad seg. Even though P.R.E.A. act of 2003 only asks for T.D.C.J. to offer the "Opportunity" to Shower Seperate. leaving the Opportunity to be at my discretion. The Ombudsman Never responded. Unit warden Belt agreed in a prior grievance response that it was not a rule. However Mr Belt Stated that I would be forced in his response. I am awaiting a Step 2 answer on that. My current grievance is that there are four T-gender inmates on this unit. I am being profiled because I am on hormone therapy and display the characteristic traits of a feminine Transgender. Because of that I and another are "forced" to Shower Seperate. The other two are not and havn't been (inmate Jeremy Howard and Jerry Guerra.) And They havn't been during this entire grievance with "forced" Shower Joe Ney is aware of this because it is notated in the inmate Shower log book. I was told that Huntsville ordered that T-gender inmates be forced to Shower Seperate. But Joe Ney has chosen to violate my State and Constitutional rights to profile me and Segregate me. This is the beggining Step toward justification. I wish to Shower at my own volition in general population Showers. This is

APR 27 2021

---

I-127 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix F

*discrimination and will be revealed as such* MAY 27 2021
ARK

CCI

**Action Requested to resolve your Complaint.** *For me to be treated fairly and equally and afforded the oppurtunity to shower where I chose* MAY 27 2021 APR

**Offender Signature:** ~~D~~ Chadison                    **Date:** 4-26-21

**Grievance Response:**

**Signature Authority:** _____          **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # *2021067754 @ Step 2* *currently*
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** B. Thacker /

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

**Medical Signature Authority:** Rachel Romines PM
RACHEL ROMINES PM
5-3-21

<table>
<tr><td colspan="2">**OFFICE USE ONLY** BT</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: ____</td></tr>
<tr><td>Grievance #:</td><td>2021/0/833</td></tr>
<tr><td>Screening Criteria Used:</td><td>#09  #899</td></tr>
<tr><td>Date Recd from Offender:</td><td>MAY 27 2021 APR</td></tr>
<tr><td>Date Returned to Offender:</td><td>MAY 27 2021 APR</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials: ____</td></tr>
<tr><td>Grievance #:</td><td>____</td></tr>
<tr><td>Screening Criteria Used:</td><td>____</td></tr>
<tr><td>Date Recd from Offender:</td><td>____</td></tr>
<tr><td>Date Returned to Offender:</td><td>____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials: ____</td></tr>
<tr><td>Grievance #:</td><td>____</td></tr>
<tr><td>Screening Criteria Used:</td><td>____</td></tr>
<tr><td>Date Recd from Offender:</td><td>____</td></tr>
<tr><td>Date Returned to Offender:</td><td>____</td></tr>
</table>

I-127 Back (Revised 11-2010)                              Appendix F

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: 2016007 |
| Date Received: 10/07/2020 |
| Date Due: _____ |
| Grievance Code: 201 |
| Investigator ID #: ___ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: Derek A. Richardson          TDCJ # 1938366

Unit: Garza Joe Ney      Housing Assignment: 1-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Rosales                          When? 10-1-20

What was their response? That I would need to use the grievance process

What action was taken? None.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Monday, September 28th Sgt Chong had me removed from my duties as a janitorial custodian in medical. I had a good working record and performed well. I was removed because I am Transgender and Mr Chong said I would manipulate the system to get medical passes. All of my medical passes were from a previous unit. They were taken, changed and returned written by the same medical staff. The same staff member who was unqualified to write the first one was allowed to write the second as long as items were omitted. This is the first time I've ever worked medical. I was locked down on my previous unit for COVID. All passes were written at the medical staff's own volition. There was no investigation, no one consulted my Transgender dr, Dr Dozier. I was simply removed from my duties based on assumption and discrimination. It is not Security's job to treat, diagnose, or ammend medical orders. This directly violates the Eighth amendment. By taking my job on this basis Sgt Chong violated PREA and Constitutional Rights. Such violations can be considered a precursor to further retaliatorial acts. I was also told by Mr Chong that I was only using my transgender role to manipulate the system. I am clinically diagnosed with gender dysphoria. I have been on Hormone therapy for years. I came to T.D.C.J. and this unit this way. Under the equal protection of the law act the section pertaining to homosexual rights denies such descrimination 733 F. Supp. at 231-32 (citing Bowers v. Hardwick, 478 U.S. 126, 106 S. Ct. 2841 (1986)) Also see Texas, 539 U.S. 558, 577-78, 123 S. Ct. 2472 (2003) Also where a gay prisoner was fired from his job because of his sexual orientation. Doe v. Sparks, 733 F. Supp. 227, 231, 233-34 (W.D. Pa. 1990) the Bowers vs Hardwick ruling changed the law in (2003)

---

I-127 Front (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix F

OCT 0 7 2020

Action Requested to resolve your Complaint. *For any retaliation or harrassmen to me as transgender to stop.*

Offender Signature: _Boyde_ Date: _10-6-20_

Grievance Response:

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☑ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _B. Thacker_ AH. UGI

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission    UGI Initials: BT
Grievance #: _2021016007_
Screening Criteria Used: #2   _299_
Date Recd from Offender: OCT 0 7 2020
Date Returned to Offender: OCT 0 7 2020
2nd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

HF



# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: 2020170927 |
| Date Received: 8-28-20 |
| Date Due: 10-7-20 |
| Grievance Code: 209 |
| Investigator ID #: I2766 |
| Extension Date: |
| Date Rec'd to Offender: SEP 2 5 2020 |

Offender Name: Derek Allen Richardson  TDCJ # 1938366

Unit: Cotulla   Housing Assignment: W-12-B

Unit where incident occurred: Cotulla   HF B-1-53

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Morales (Unit Major)   When? 8-26 10:01 am

What was their response? He recomended that I be classified in safe keeping against my will

What action was taken? A request was filed to Huntsville for Unit Transfer against my will

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have been recomended to safe keeping / Unit transfer against my will. I do not desire to be housed in any form of segregation. My safety is not, nor has been jeporized in any kind of way. I'm currently housed in administrative segregation pending Safe keeping. I have been told I am too feminine. I've been told that my safety has been comprimized due to my gender. I am a "Transgender" inmate who is clinically diagnosed with "gender dysphoria". It is against Texas State Law and a violation of T.D.C.J. policy to restrict my housing based on my Sexual Orientation. Section 115.31 Employee training States that the agency shall train all employees who have contact with inmates on it zero tolerance policy for in mate right to be free from any form of Sexual Harrasment. Section 42 U.S.C. 15606 (e)(2)(A) Certifies that Certain Standards reference Sexual Harrasment in order to combat what may be a precursses to Sexual abuse. This includes demeaning comments to gender on Pg. 21-22. To be recommended or even housed in safe keeping or any form of restrictive housing based on gender or Sexual orientation is Discrimination against me in its purist form. This is wrong and highly inapropriate. Especially in doing so against my will with no threat to my safety or well being. Security is not convenient If you try to pass an inmate on because it is inconvenient that too is inapropriate. If this matter cannot be resolved through the appeals process I will file a formal lawsuit against T.D.C.J. for Discrimination, violation of State Law and or Sexual Harrasment.

---

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

Action Requested to resolve your Complaint. *For Classification to deny transfer and Safe Keeping.*

*For Classification to remain my Custody to Current Unit.*

Offender Signature: Delete Richardson                    Date: 8-26-20

Grievance Response:

Your claim has been investigated. Your recommendation for Safe Keeping was denied by State Classification and as of 9-10-20 you were transferred to the HF Unit. No further action is warranted from this office

J. Cirone, Asst. Warden

Signature Authority: _____    Date: _8 25 20_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

*Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.*

Medical Signature Authority: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

I-127 Back (Revised 11-2010)

Appendix F

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

H-34B

**OFFICE USE ONLY**

Grievance #: 2022054869

Date Received: JAN 21 2022

Date Due: 3-2-22

Grievance Code: 000

Investigator ID #: 2619

Extension Date: _____

Date Retd to Offender: JAN 25 2022

Offender Name: Richardson David A   TDCJ # 1438366

Unit: LeBlanc   Housing Assignment: H-34-B

Unit where incident occurred: LeBlanc Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Warden A. Tompkins   When? 1-19-22

What was their response? That I would need to talk to OIG

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Friday January the 14th I was assaulted by Inmate: Henry Albert Barlow). I was sitting at my bunk. When he began hitting me. He then left the dorm and told me He would He said told me he had hit me. Mr. Barlow came back in and hit me Some more. He knocked me down. This was witnessed by the others. There were Several witness Statements filed by MPREA. as well. I believe this to be a hate crime Because I am a Transgender. I want to press charges against Mr. Barlow with the Jefferson County Sheriffs Department. I wrote OIG officer W.Rollins And O-48 457 and haint received Notice or been talked to. I want to press charges for Aggravated Assault. I wrote an I-60 on the 17th of Jan to the unit OIG officer Rollins.

---

Action Requested to resolve your Complaint.
I want to press charges against Henry Albert Barlow for
assaulting me and causing bodily injury

Offender Signature: _____    Date: 1-20-22

Grievance Response:

An Inmate Protection Investigation was conducted on the date of the incident. You were then reviewed by the Unit Classification Committee and their decision was to grant a housing change. If you wish to contact the Office of the Inspector General you may do so in writing at O.I.G. Investigator- 3060 FM 3514, Beaumont, Texas 77705. No further action from this office is warranted.

*Warden R. Chambers*

Signature Authority: _____    Date: 1-25-22

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: _____ *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

OFFICE USE ONLY

Initial Submission         UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2nd Submission             UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission             UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

Draft Letter #1 to O.I.G. Beaumont Tx.

To Whom It May Concern                                    1-25-22

( 7021 0350 0000 0690 5211 ) Sent By Certified Mail to:
O. I. G. Investigator @ 3060 F.M. 3514, Beaumont, TX.
77705

On Friday, January 14th I was assaulted By
offender Henry Albert Barlow III of the Richard P. LeBlanc
Unit. I am Derek A. Richardson, T.D.C.J. inmate
number: 1938366. I too am housed on the Richard
P. LeBlanc Unit. I am a Transgender inmate who
is diagnosed with Gender Dysphoria.

After several advances from Offender Barlow
during the first two or three weeks he has
been placed in my dorm and several attempts to
Ask him to leave me alone I enlisted the
help of another inmate. Mr. Barlow told me if
I didn't like it I could go to the corner of the
dorm and fight him. I asked an associate of Mr. Barlow
to tell him that if he wouldn't leave me alone
I'd be forced to report him to the Unit P.R.E.A. Officer
because my informal resolutions wouldn't work.

Mr. Barlow then approached me with the other
offender, housed in A-22 bottom and Said "Now
tell me what you told him." As I did Mr.
Barlow began hitting me in the head and face
as I sat on my Bunk. Mr. Barlow knocked me to
the floor in the process. I put my head down,
Blocking my face as he continued hitting me.
I tried to get up but Mr. Barlow wouldn't

allow me. Eventually after I was able to get up I tried to go to the dayroom area so I could obtain the attention of the staff officers. Mr. Barlow tried blocking me and telling me to go to the corner so he could further assault me out of view of officers. I was able to get past Mr. Barlow and enter the dayroom. However Mr. Barlow charged ahead and exited the dorm because the door was not properly secured. He began telling officers he assaulted me and claimed justification due to the fact that according to him I grabbed him in an inapropriate manner. Mr. Barlow was not detained. He then ran back into the dorm and hit me again knocking me over. I fell down and covered my face again as Mr. Barlow was on top of me hitting me several more times. Eventually officers arrived and seperated us. I believe Mr. Barlow has a propensity to be violent and that he is dangerous. He was in another altercation where he caused bodily harm a week prior w/o getting caught. I want to press charges for Aggravated Assault w/ Bodily Injury. Further more I would like this to be treated with serious consideration as a hate crime against a Transgender. Because Mr. Barlow didnt get his way he felt it apropriate to assault and injure an innocent victim. A P.R.E.A. investigation conducted found his claims against me to be false. Thank you for your time and consideration regarding this matter.

Sincerely Yours,

## Robert N. Virden

**To:**             Ombudsman
**Subject:**      Derek A. Richardson #01938366

Ombudsman,

On 22 January 2022, I received a letter postmarked 19 January 2022 from inmate Richardson. His letter said:

"I have recently been transferred to the LeBlanc Unit... Joe Ney Unit shipped me and every transgender person of the unit after being inspected by ACLU and many complaints of indifference to the abuse of transpeople on various levels. (T)hey decided the unit was not suitable to house transgenders.

(O)n Friday, January 15th, I was assaulted by inmate (Henry Albert Barlow III)...

For some reason LeBlanc Unit (hasn't) filed charges.

After advances from (inmate) Barlow on various levels I told him I was uninterested and to leave me alone. He was housed in the bunk next to mine and I avoided him at all cost. Mr. Barlow continued trying to make small talk. I again thwarted his attempts by saying leave me alone. At that point he threatened me and stated he would fight me. A fellow inmate defused the situation...

Finally, Mr. Barlow made another advance on Friday, January 15th at around 11:30 a.m. I told him to leave me alone or I would report him to the PREA officer. At that point he assaulted me and began hitting me in the face and head as I sat on my bunk. I fell on the floor and tried to (shield) my face. Another inmate got him off of me. I went into the day area and tried to notify officers. Before I could get to the picket door Mr. Barlow charged the door and went first to the picket. He (told) the officer he had hit me because I (had) grabbed his crotch. He was not restrained at that time. Instead he ran into the dorm again and began punching me and knocking me to the ground. Finally the (officers) came and removed him. A formal investigation concluded that Mr. Barlow had fabricated his excuse for assaulting me...

(Too) many transpeople and elderly are being assaulted by violent offenders who have no respect or regard for others..."

I would appreciate your investigating this matter.

PS I am assisting this inmate on a pro bono publico basis. I have not agreed to represent him in any court (or other) proceeding. I am not a litigation attorney; I neither file lawsuits nor defend lawsuits.

**Robert N. Virden**
**Robert N. Virden, P.C.**
**3419 Westminster Avenue**
**Dallas, Texas 75205-1387**
**Office  214/373-7161**
**Mobile 214/537-2228**
**Facsimile  214/373-7161**

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel .*

## Robert N. Virden

**To:** Ombudsman
**Subject:** ~~ A. Richardson #01938366

Ombudsman:

I received a letter dated 05 June 2021 from inmate Richardson.

His letter said:

"I've written you several times regarding the 'forcing' of showering separate(ly).

I am waiting on my Step 2 grievance.

The ... warden admitted in my Step 1 that T.D.C.J. was 'forcing' me to shower separate(ly)... even though there was no rule or mandate in place.

He admitted that there was no rule...

***
(The unit administration) claims there is a need (to make me shower alone) for my safety.

PREA stipulates that T.D.C.J. shall offer the 'opportunity' to shower separate(ly). This is discretionary.

I've had to walk ... to the ... only shower that they deem separate in the rain, even snow. I've been humiliated.

They claim they can simply change the policy to suite this 'forcing.'

... I'm tired of the humiliation and degradation.

The showers in my dorm are used ... by inmates..."

I would appreciate your investigating this matter.

Robert N. Virden
Robert N. Virden, P.C.
3419 Westminster Avenue
Dallas, Texas 75205-1387
Office  214/373-7161
Mobile 214/537-2228
Facsimile  214/373-7161

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*



**Texas Department of Criminal Justice**
# OFFICE OF THE INSPECTOR GENERAL
**P.O. Box 4003, Huntsville, Texas 77342**

To: **RICHARDSON, DEREK**                                        Date:      **January 24, 2022**

Unit/Department:   *Prison Facility - Leblanc (Beaumont)*        Correspondence/Complainant #:            2200001061

Subject:                   **RICHARDSON, DEREK**                 TDCJ #:   **01938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff.
Based on the information provided, the relevant issues stated will be addressed in the following manner:

☑ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the
Offender Grievance procedure.

☐ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the  Unit
Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is
considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ ; and will be forwarded there.
Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE: Prison related issues should be directed to the appropriate TDCJ department.   Sending your
concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:
The District Attorney does not routinely prosecute misdemeanor offenses that occur between incarcerated
individuals.


AAG/755



# Texas Department of Criminal Justice
# OFFICE OF THE INSPECTOR GENERAL
### P.O. Box 4003, Huntsville, Texas 77342

To: **Warden Gonzales**                                    Date:    **October 6, 2020**

Unit/Department:   **Ney Unit**                          Correspondence/Complainant #:       **2000011998**

Subject:              **Richardson, Derek**              TDCJ #:   **1938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff. Based on the information provided, the relevant issues stated will be addressed in the following manner:

☐ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the Offender Grievance procedure.

☑ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the  Unit Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ ; and will be forwarded there. Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE: Prison related issues should be directed to the appropriate TDCJ department.   Sending your concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:  Offender Richardson #1938366


DR/772

Texas Department of Criminal Justice
**Correctional Institutions Division**

# Inter-Office Communications

**To** OFFENDER                          **Date** 3-8-22

**From** UNIT MAILROOM           **Subject** OPENED IN ERROR

---

On _____3/8/22_____, correspondence for / from

offender _Derek A. Richardson_ TDCJ# 1938306 was placed with

general correspondence and mistakenly opened. This piece of correspondence

was from / to:

Clerk
U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, TX 77208

By copy of the IOC, the mailroom is notifying the offender that the above

referenced correspondence was opened out of his presence.

_M Cervantez_                          _[signature]_  3/14/22
Mailroom Supervisor / Clerk                Offender Signature

cc: Offender

NOTE: GRIEVANCES I-127 - I-128 FILED 3/2022 NOT RETURNED
THIS INDICATES ONLY ONE INCIDENT -
FED. COURT MAIL DATE 3/1/22 WAS INCLUDED AND OPEN
SHOWING DELIBERATE PATTERN AND VIOLATION.